The Honorable Gwen Welshimer State Representative, 88th District 6103 Castle Wichita, Kansas 67218
Dear Representative Welshimer:
You inquire whether the recent legislation providing for the licensing and regulation of the practice of geology unconstitutionally discriminates between unlicensed petroleum geologists and unlicensed petroleum engineers by specifically exempting unlicensed petroleum geologists from licensure while not specifically exempting unlicensed petroleum engineers.
You indicate that the definition of the practice of geology in 1997 House Bill No. 2490 (L. 1997, Ch. 128, § 1) is broad enough to encompass activities which have traditionally been performed by petroleum engineers as well as geologists practicing in the oil and gas industry. Such activities include consultation, investigation and evaluation of oil and gas reservoirs as to the possible movement of gases and fluids throughout underground strata or formations, the mapping of such formations, and the evaluation of geological information in connection with contracts entered into between clients and others.
The legislation includes a provision which addresses and exempts from its licensure requirements some individuals who practice in the oil and gas industry. New Section 6 of 1997 House Bill No. 2490 (to be codified at K.S.A. 74-7042) states that the practice of geology
"[S]hall not to be construed to prevent or to affect:
 "(a) The practice of geology by any person before July 1, 2000.
 "(b) The practice of geology which is exclusively in the exploration for and development of energy resources and economic minerals and which does not affect the public health, safety and welfare, as determined by the board.
 "(c) The acquisition of engineering data, geologic data for engineering purposes and the utilization of such data by licensed professional engineers.
 "(d) Performance of work customarily performed by graduate physical or natural scientists.
 "(e) The teaching of geology in a college or university offering an approved geology curriculum."
The legislation exempts geologists who work in the exploration and development of natural resources if the practice is found to not affect the public welfare. It also exempts the acquisition of geological data and engineering data gathered for engineering purposes if done by a licensed professional engineer. The categories may include petroleum geologists and petroleum engineers, respectively. See Minutes, House Committee on Governmental Organization and Elections, March 11, 1997. The legislation does not specify or define either. A petroleum geologist is defined generally as a geologist engaged in the exploration or production processes of hydrocarbon fuels such as oil and natural gas.
Dictionary of Geological Terms 164 (3rd ed. 1984). Petroleum engineering is defined generally as the application of almost all types of engineering to the drilling for and production of oil and gas and liquefiable hydrocarbons. McGraw-Hill Dictionary of Science and Engineering 667 (3rd ed. 1984). These definitions indicate that the categories at issue involve the practice of geology by a petroleum geologist and the practice of engineering by a petroleum engineer. You question the propriety of the distinction made between those geologists who are exempted and those engineers who are exempted. Your question is best explained by example: a petroleum geologist meeting the requirements of subsection (b), can remain unlicensed because his practice is exempt from the licensure requirements of the practice of geology. However, an engineer, such as a petroleum engineer, cannot practice in the area of geology gathering geologic and engineering data for engineering purposes unless he is a licensed professional engineer. You inquire whether this distinction or classification is unconstitutionally discriminatory.
The Equal Protection Clause of the United States Constitution prohibits unlawful discrimination, but not all discrimination or disparate treatment is considered unlawful. Blue v. McBride, 252 Kan. 894 (1993). In the absence of inherently suspect classifications based on race, religion, alienage or some fundamental right, the government need only have a rational basis for treating otherwise arguably similarly situated individuals differently. In other words, the challenged classification (difference in treatment) will be upheld if rationally related to a legitimate State interest. Romer v. Evans, ____ U.S. ___, 116 S.Ct. 1620,134 L.Ed.2d 855 (1996).
The licensure and regulation of geologists involve the public health, safety and welfare and clearly are related to a valid State interest. State ex rel. Stephan v. Lane, 228 Kan. 379 (1980). Geologists, who may work in the petroleum industry, are exempt from the licensure requirements of the practice of geology if their practice of geology is (1) exclusively in the area of exploration and development of energy resources and economic minerals and, (2) the practice does not affect the public health, safety and welfare. On the other hand, engineers, who may work in the petroleum industry, are exempt from the licensure requirements of the practice of geology only if licensed as professional engineers.
It is clear that the Legislature made the decision that professional engineers who obtain geological data for engineering purposes must be licensed because their practice (as defined by statute), even in the oil and gas field, affects the public health, safety and welfare and must be regulated and licensed. See: State ex rel. Schneider v. Kennedy, 225 Kan. 13, 20-21 (1979) (the propriety, wisdom and necessity of legislation is strictly within the purview of the Legislature). It is therefore our opinion that 1997 House Bill No. 2490 (L. 1997, Ch. 128, §§ 1-11) does not unconstitutionally discriminate between petroleum geologists and petroleum engineers because the classification or difference in treatment rationally relates to the legitimate State interest of protecting the public safety and welfare.
Your second question is whether the legislation in question is a constitutional exercise of the police powers of the State, or whether it unduly burdens unlicensed petroleum engineers who are currently performing activities which may fall within the bill's definition of the "practice of geology."
The State possesses inherent power to regulate certain businesses and professions for the good of society; this police power gives the State a right to act to protect and promote the public health, safety, morals, peace, quiet, and law and order. State ex rel. Stephan v. Lane, 228 Kan. 379 (1980), citing State ex rel. Schneider v. Liggett, 223 Kan. 60, 614-15 (1978). While limitations upon the police power of the State are not susceptible to precise definition, Manzanares v. Bell,214 Kan. 589 (1974), authorities are unanimous that the police power of the State includes the regulation of professions. 16A Am.Jur.2d Constitutional Law § 433 (1979). Once found within the police powers, the only limitation upon the exercise of the power is that the regulation must relate to the public welfare and must not be arbitrary or capricious. City of Baxter Springs v. Bryant, 226 Kan. 383, 386 (1979), citing State, ex rel., v. Fairmont Foods Co., 196 Kan. 73, 76-77 (1966).
The legislation in question reasonably achieves the promotion of the public health and safety by requiring that an engineer working with geologic data be licensed as a professional engineer because the geologic data is to be used for engineering purposes.
Some geologic data may be common to both the practice of geology and the practice of engineering, such as that found in engineering geology. See Dictionary of Geological Terms 164 (3rd ed. 1984). The professions are, however, distinct in the requirements for training and licensure. See K.S.A. 1996 Supp. 74-7003 (i), as amended by L. 1997, Ch. 128, § 1. As discussed in our answer to your first question, it is the Legislature's prerogative to determine that the acquisition of engineering data and geologic data will nonetheless involve activities which may be inimical to the public health and welfare if performed by one not licensed as a professional engineer. McGann v. McKune,21 Kan. App. 2d 798, 800, citing Stephenson v. Sugar Creek Packing, 250 Kan. 768 (1992). In our opinion the legislation in question is a constitutional exercise of the police powers of the State because the requirement that an engineer working with geologic data be licensed is rationally related to the legitimate objective of protection of the public. While the exercise of the police power may indeed work a hardship, it is within the Legislature's discretion to balance the advantages and disadvantages of the new requirements. Blue v. McBride, 252 Kan. 894, 903 (1993) citing Williamson v. Lee Optical Co. 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563
(1955); State ex rel. Stephan v. Lane, 228 Kan. 379, 384
(1980) citing Grigsby v. Mitchum, 191 Kan. 293, 302, (1963), cert. denied 375 U.S. 966 377, 84 S.Ct. 484,11 L.Ed.2d 415 (1964).
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Guen Easley Assistant Attorney General
CJS:JLM:GE:jm